IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

RECEIVED
OCT -8 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS PRIER, SR.,<br>Appellant | CIVIL ACTION<br>NO. 1:09-CV-01800 |
| VERSUS | |
| MICHAEL ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br>Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Chris Prier, Sr. ("Prier") filed an application for disability insurance benefits ("DIB") on February 7, 2008, alleging a disability onset date of January 1, 2003 (Tr. p. 65), due to a "back condition" (Tr. p. 92). That application was denied by the Social Security Administration ("SSA") on March 14, 2008 (Tr. p. 35).[1]

A de novo hearing was held before an Administrative Law Judge ("ALJ") on May 4, 2009, at which Prier appeared with one witness (Tr. p. 15). The ALJ found that Prier had no medically determinable impairment as of December 31, 2005, the date he was last insured, and thus was not under a disability as defined by the Social Security Act at any time through December 31, 2005 (Tr. pp.

---

[1] Prier filed a second application for DIB on August 6, 2008, alleging a disability onset date of January 1, 2003 (Tr. p. 70). There are no further documents on that application in the administrative record.

12-14).

Prier requested a review of the ALJ's decision, but the Appeals Council declined to review ir (Tr. p. 3) and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Prier next filed this appeal for judicial review of the Commissioner's final decision. Prier contends on appeal that the ALJ erred in finding him not disabled because he is still under the care of his family doctor, he has a pending appointment with the Pain Management Center in Shreveport, Louisiana, he has not been physically able to work since 2005, he takes medications for chronic pain, and he suffers from depression (Doc. 15). The Commissioner filed a brief in response (Doc. 16). Prier's appeal is now before the court for disposition.

## Eligibility for DIB

To qualify for disability insurance benefits, a plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. 416(i), 423. Establishment of a disability is contingent upon two findings. First, a plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. 423 (d)(1)(A). Second, the impairments must render the plaintiff unable to engage in the work previously performed or in any other substantial gainful employment

2

that exists in the national economy.  42 U.S.C. 423(d)(2).

## Summary of Pertinent Facts

Prier was 48 years old at the time of his May 4, 2009 administrative hearing (Tr. p. 20), had a seventh grade education (Tr. p. 96), and had past relevant work as a carpenter (1979-2003) and a security guard (2004-2005) (Tr. p. 98).[2]

### 1. Medical Records

The medical records in this case are minimal.  Prier underwent an MRI of the lumbar spine on December 14, 2007 which was normal (Tr. p. 134).  There were no signs of significant size disc protrusions or extrusions, no evidence of spinal stenosis, and he had well-maintained vertebral height, alignment and disc heights (Tr. p. 134).

On January 7, 2008, Prier went to the emergency room complaining of back pain with pain radiating to his legs (Tr. p. 138).  Prier reported he had a slipped disc from a military accident 28 years ago (Tr. p. 138).  Prier was not in apparent distress, but had positive straight leg raises bilaterally, reportedly with pain radiating below the knees, and had radicular pain at S-12 bilaterally (Tr. p. 138).  His normal MRI in December 2007 was noted (Tr. pp. 136, 138).  Prier was discharged without medications being prescribed (Tr. p. 137).

In December 2008, Prier was evaluated for his complaints of back pain (Tr. p. 141).  Prier was found to have low back pain for

---

[2] Although Prier stated in his application that he stopped working on January 1, 2003, he also stated that he worked as a security guard from 2004 to 2005 (Tr. p. 93).

28 years following an injury that occurred while lifting boxes when he was in the National Guard (Tr. p. 141). Prier's straight leg raises were negative and he had equal strength bilaterally (Tr. p. 141). When the doctor tried to prescribe Naprosyn, Prier apparently indicated he wanted narcotics, so he was referred to pain management (Tr. p. 141).

On May 26, 2009, Prier had a follow-up visit for complaints of back pain for 30 years (Tr. p. 140). Prier was again diagnosed with chronic low back pain and referred to pain management (Tr. p. 140).

## 2. Administrative Hearing

At his May 4, 2009 administrative hearing, Prier testified he was 48 years old, 5'6" tall, weighed about 148 pounds, and had not worked for four or five years (Tr. p. 21). Prier testified that he became disabled when he was 19 years old; he hurt his back lifting a box when he was in the National Guard (Tr. p. 21). Prier testified that he has not been able to hold a job since then because he gets fired for not being able to work (Tr. p. 21).

Prier testified that, when he was injured in the National Guard, he was ordered to undergo back surgery at Fort Polk, but he was scared and told them he wanted to think about it[3] (Tr. pp. 21-22). Prier testified that the doctor released him to work after a while and he re-injured back when lifting (Tr. p. 22).

Prier testified that his pain is mainly in his lower back,

---

[3] It is not stated whether Prier decided to undergo the back surgery and there are no medical records from that period.

4

arms and legs (Tr. p. 23). Prier testified he has been waiting for an appointment with the Shreveport pain clinic so he can continue with his medication (Tr. p. 23).

Prier testified there are no medical records predating December 2005 (Tr. p. 23) because he would not go to the doctor since he already knew what was wrong with him (Tr. p. 28). Prier testified that he eventually stopped working in 2005 (Tr. p. 28). Prier testified that he only started going to the doctor because he could not take it any more (Tr. p. 28), so he had only been going to doctors in the last couple of years (Tr. p. 31). Prier also testified that he has military records from when he was first injured in 1980[4] (Tr. p. 29).

Prier's wife, Diana Howard, testified they had been married for 18 years (Tr. pp. 24-25). Howard testified that Prier used to go to Huey P. Long Medical Center, but when he was in a lot of pain he would just go to the local emergency room (Tr. p. 26). Diana testified that Prier would start a job, work for about two months, then he would have to quit because his back would hurt too much to continue working (Tr. p. 26).

## Scope of Review

In considering Social Security appeals such as the one that is presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether

---

[4] Prier's military medical records are not in the administrative record.

5

there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight. Singletary v. Bowen, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical

6

evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

## ALJ's Findings

To determine disability, the ALJ applied the sequential process outlined in 20 C.F.R. §404.1520(a) and 20 C.F.R. §416.920(a). The sequential process required the ALJ to determine whether Prier (1) is presently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1"); (4) is unable to do the kind of work he did in the past; and (5) can perform any other type of work. If it is determined at any step of that process that a claimant is or is not disabled, the sequential process ends. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. den., 914 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995), citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir.1987).

To be entitled to benefits, an applicant bears the initial burden of showing that he is disabled. Under the regulations, this means that the claimant bears the burden of proof on the first four steps of the sequential analysis. Once this initial burden is satisfied, the Commissioner bears the burden of establishing that the claimant is capable of performing work in the national economy. Greenspan, 38 F.3d at 237.

In the case at bar, the ALJ found that Prier did not engage in

7

In the case at bar, the ALJ found that Prier did not engage in substantial gainful activity from his alleged disability onset date, January 1, 2003, through the date he was last insured, December 31, 2005 (Tr. p. 12). The ALJ also found Prier had no medically determinable impairments as of December 31, 2005, due to a complete lack of medical records for that period (Tr. p. 12). The sequential analysis thus ended at Step 2, with a finding that Prier was not disabled (Tr. p. 13).

## Law and Analysis

The ALJ's finding that Prier failed to prove a medically determinable impairment indicates the ALJ's conclusion that Prier did not meet his burden of producing medical records to support his claim that he had a severe, medically determinable impairment that prevented him from working prior to December 31, 2005. Prier argues that he cannot work due to back, arm, and leg pain, as well as depression. However, Prier has not shown that he suffered from disabling pain or depression on or before December 31, 2005.

Prier's burden was to prove that he was disabled within the meaning of the Social Security Act. That requirement means that he must show a "medically determinable" impairment *and* that he is unable "to engage in substantial gainful activity". Greenspan v. Shalala, 38 F.3d 232 (5th Cir. 1994), cert. den., 514 U.S. 1120, 115 S.Ct. 1984 (1995); 20 C.F.R. §423(d)(1)(A) and (d)(3); 20 C.F.R. §404.1508; 42 U.S.C. §423(d)(1)(A). Since Prier is applying for DIB, he must prove the medically determinable severe impairment occurred before expiration of his disability insured status on

8

lapsed do not provide a basis for payment of disability insurance benefits under Title II. Thomas v. Schweiker, 666 F.2d 999, 1001 (5th Cir. 1992); 20 C.F.R. 404.315. There is no medical evidence in the administrative record showing that Prier suffered from back pain or depression in or before 2005. The only medical evidence of record begins on December 14, 2007.

Since there is no medical evidence to support Prier's claim that he was disabled due to any medically determinable impairment prior to the expiration of his disability insured status on December 31, 2005, substantial evidence supports the ALJ's/Commissioner's conclusion that Prier was not disabled at of the date he last has disability insurance benefits, December 31, 2005. Therefore, Prier's appeal should be denied.[5]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Prier's appeal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

---

[5] As stated by the ALJ at the hearing, Prier should file an application for Supplemental Security Income ("SSI") benefits, since it would apply to his current medical condition(s) and current medical records. In his application for DIB, Prier specifically stated that he did not want to file or pursue a claim for SSI at that time.

9

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN fourteen(14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of October, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE